**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| STEVE KLEIN; HOWARD PUTNAM; GLEN BIONDI, | No.    16-56309 |
| Plaintiffs-Appellants, | D.C. No. 8:08-cv-01369-JLS-MLG |
| v. | |
| CITY OF LAGUNA BEACH; DOES, 1 through 10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 6, 2018[**]
Pasadena, California

Before:  REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Plaintiffs appeal the district court's order granting in part and denying in part

their motion for attorneys fees. Specifically, Plaintiffs claim that the district court

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

erred by reducing their requested hours by 45 percent so that the disparity between the parties' hours would match that in *Democratic Party of Washington State v. Reed*, 388 F.3d 1281 (9th Cir. 2004).

"[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (internal quotation marks omitted). However, when the across-the-board cut is greater than 10 percent, "the district court must explain why it chose to cut the number of hours or the lodestar by the specific percentage it did." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).

The district court cut Plaintiffs' hours by 45 percent so that the City's hours would be 75 percent of Plaintiffs' adjusted hours—the same ratio that happened to exist in *Reed*, a case in which this court granted fees on appeal in the full amount requested and refused to reduce them so as to achieve a more favorable ratio for the defendant or for any other reason. 388 F.3d at 1287-88. Here, the district court erred. *Reed* in no way established a target ratio for district courts to meet. To the contrary, "[a]lthough opposing counsel's billing records may be relevant to

2

determining whether the prevailing party spent a reasonable number of hours on the case, those records are not dispositive." *Gonzalez*, 729 F.3d at 1202.

Because the district court's explanation for the reduction in fees was based on a misunderstanding of *Reed*, we vacate and remand the district court's fee award. We need not and do not reach any of Plaintiffs' other contentions on appeal. Nor do we resolve the City's arguments based on Plaintiffs' alleged limited success, although they appear to have little merit. Because the arguments seek a modification of the judgment in the City's favor, they should have been brought on cross-appeal. *Gilliam v. Nevada Power Co.*, 488 F.3d 1189, 1192 n.3 (9th Cir. 2007).

**VACATED** and **REMANDED.**